# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Empowered Marketing LLC,<br><br>Plaintiff,<br><br>v.<br><br>Frank Tomas Gomez; and Empowered Marketing, LLC<br><br>Defendants. | Civil Action No. 19-598<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Empowered Marketing LLC, a Wisconsin entity ("Empowered Marketing Wisconsin") brings this Complaint against Defendants, Frank Tomas Gomez and Empowered Marketing, LLC, a Florida entity ("Gomez") and alleges, on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## BASIS OF THE ACTION AND REQUESTED RELIEF

1. Empowered Marketing Wisconsin seeks a declaratory judgement that its use of the EMPOWERED MARKETING trademark and the EmpoweredMarketing.com domain name does not infringe upon or otherwise violate Gomez' trademark rights, and cancellation of USPTO Registration Number 5,749,467 for EMPOWERED MARKETING.

COMPLAINT FOR DECLARATORY RELIEF

## THE PARTIES

2. Empowered Marketing LLC is a limited liability company with its principal place of business at N2509 Ullom Rd, Monroe, Wisconsin 53566-9273. The nature of Empowered Marketing Wisconsin's business is internet marketing, buying and re-selling of tangible products, rentals, forestry, and metal working.

3. Frank Tomas Gomez is an individual with a principal place of business located at 3142 Post Road Sarasota, Florida 34231.

4. Empowered Marketing LLC is a limited liability company with its principal place of business at 3142 Post Road Sarasota, Florida 34231.

## BACKGROUND

5. Empowered Marketing Wisconsin brings this action for declaratory relief to protect its valuable brand against groundless trademark threats by Gomez.

6. Empowered Marketing Wisconsin has longstanding common law rights to the EMPOWERED MARKETING trademark ("The Trademark").

7. Gomez has nonetheless asserted that (1) Empowered Marketing Wisconsin has infringed upon Gomez' trademark rights; (2) Gomez has the right to prevent Empowered Marketing Wisconsin from using the website EmpoweredMarketing.com; and (3) Gomez has the right to prevent Empowered Marketing Wisconsin from any further advertising, marketing, or use of the

EMPOWERED MARKETING trademark for services similar to Gomez.

8. Gomez has threatened that if Empowered Marketing Wisconsin continues to use the trademark EMPOWERED MARKETING or the EmpoweredMarketing.com website in the manner that Empowered Marketing Wisconsin has been and continues to, that a lawsuit may be filed against Empowered Marketing Wisconsin seeking damages, interest, court costs, and attorney's fees.

9. Gomez further advised Empowered Marketing Wisconsin that if Empowered Marketing Wisconsin does not turn over the EmpoweredMarketing.com domain name to Gomez under the terms that Gomez demands, that Gomez will litigate the matter under the Uniform Domain Name Dispute Resolution Policy (UDRP).

## REQUESTED RELIEF

10. Accordingly, Empowered Marketing Wisconsin seeks a declaratory judgement that its use of the EMPOWERED MARKETING trademark and the EmpoweredMarketing.com domain name does not infringe upon or otherwise violate Gomez' trademark rights.

## JURISDICTION AND VENUE

11. This court has original jurisdiction over the claim for declaratory relief under 28 U.S. Code §§ 2201 and 2202 (the Declaratory Judgement Act) and 15 U.S.C. § 1051 et seq. (the Trademark Act), and under U.S.C. §§ 1331 and 1338, because

COMPLAINT FOR DECLARATORY RELIEF

Empowered Marketing Wisconsin brings the action to determine a question of actual controversy between the parties arising under the trademark laws of the United States.

12. Venue is proper in this judicial district pursuant to 28 U.S. Code § 1391 because a substantial part of the events giving rise to the claim occurred in this judicial district and a substantial part of property that is the subject of the action is situated in this judicial district.

## **RELEVANT FACTS**

13. Empowered Marketing Wisconsin was registered with the State of Wisconsin as a limited liability company on September 15, 2011.

14. Use of the trademark EMPOWERED MARKETING by Empowered Marketing Wisconsin for the businesses listed on its entity registration predates the filing of USPTO Registration Number 5,749,467 for EMPOWERED MARKETING by Gomez.

15. Gomez filed a trademark application with the USPTO for the trademark EMPOWERED MARKETING on August 24, 2018, in International Class 042, with goods and services listed as: computer services, namely, designing and implementing websites for others; graphic design services.

16. Gomez declared in filing for the trademark application which resulted in the issuance of USPTO Registration Number 5,749,467 that, "[t]o the best of the

COMPLAINT FOR DECLARATORY RELIEF

signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive. Gomez further declared that "[t]o the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support". (See Exhibit 2)

17. Gomez had constructive notice of use of the EMPOWERED MARKETING trademark by Plaintiff Empowered Marketing Wisconsin and other common law users when Gomez declared that no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive. (See Exhibit 4)

18. Gomez did not claim concurrent use on the trademark application which resulted in the issuance of USPTO Registration Number 5,749,467. (See Exhibit 2)

19. Gomez disclaimed the word 'MARKETING' based on the descriptive nature of the term, resulting in Gomez' Registration Certificate for USPTO Registration Number containing the statement "No claim is made to the exclusive right to use the following apart from the mark as shown: 'MARKETING'". (See Exhibit 3)

COMPLAINT FOR DECLARATORY RELIEF

20. Empowered Marketing Wisconsin's rights to the EmpoweredMarketing.com domain name date to December 18, 1999, when the domain name was registered.

21. The December 18, 1999, registration date of the EmpoweredMarketing.com domain name predates Gomez' stated date of first use in commerce of the EMPOWERED MARKETING trademark of July 2008, as evidenced on the Registration Certificate for USPTO Registration Number 5,749,467.

22. Gomez has made threats to litigate the matter under the Uniform Domain Name Dispute Resolution Policy (UDRP) based upon criteria which Gomez has invented.

23. Gomez has stated that "[t]he panel would consider the following factors, among others: whether the plaintiff has a registered trademark for the domain name; whether the domain is actually being used by the defendant; and whether the defendant has a history of simply buying domain names and doing nothing with those domain names."

24. The Uniform Domain Name Dispute Resolution Policy which has been adopted by the Internet Corporation for Assigned Names and Numbers ("ICANN") requires that a "complainant must prove that each of these three elements are present: (i) your domain name is identical or confusingly similar to a trademark or service mark in which the complainant has rights; and (ii) you have no rights or legitimate interests in respect of the domain name; and (iii) your domain name has been

COMPLAINT FOR DECLARATORY RELIEF

registered and is being used in bad faith." (See Exhibit 1)

25. Gomez has presented Empowered Marketing Wisconsin with two choices: (i) turn over the EmpoweredMarketing.com domain name to Gomez, or (ii) expend financial and other resources defending itself against groundless claims.

26. If Empowered Marketing Wisconsin fails to comply with Gomez' demands, or fails to expend resources defending itself from a groundless claim, Empowered Marketing Wisconsin will lose the rights to a domain name which it has clear title to and is within its rights to own and use by default.

27. Gomez has stated that "Gomez would likely win a UDRP arbitration."

28. Gomez has stated that "regardless of who wins, arbitration will put [Empowered Marketing Wisconsin] in a worse position than where [Empowered Marketing Wisconsin] started because the prevailing party cannot recover filing costs or attorney fees from the losing party. Thus, even if you won, you would still be out your attorney fees and costs."

29. Gomez has advised that the alternative to resolving this matter is Empowered Marketing Wisconsin "spending money that it cannot recover".

30. Gomez has advised that if Empowered Marketing Wisconsin does not expend further resources responding to Gomez' groundless claims that Gomez "will draft and file a UDRP complaint to obtain the www.empoweredmarketing.com website."

31. A showing of bad faith in registration of the domain name by Empowered

COMPLAINT FOR DECLARATORY RELIEF

Marketing Wisconsin, the domain name owner, against Gomez, the claimant, has no merit, as Gomez' date of first use of July 2008 is after December 18, 1999.

32. Evidence of Registration in bad faith is a required element which must be present in order to succeed on a claim under the Uniform Domain Name Dispute Resolution Policy. (See Exhibit 1)

## **FIRST CLAIM FOR RELIEF**

33. Empowered Marketing Wisconsin realleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

34. As a result of the actions and threats of Gomez, which include allegations of trademark infringement and challenges to Empowered Marketing Wisconsin's rights to the EMPOWERED MARKETING trademark, there is an actual controversy between Empowered Marketing Wisconsin and Gomez as to the parties' rights and legal relations associated with each party's use of the EMPOWERED MARKETING trademark. Under all of the circumstances, an immediate, real and substantial controversy exists between the parties, who have adverse legal interests.

35. Empowered Marketing Wisconsin has used and intends to continue to use the EMPOWERED MARKETING trademark in commerce.

36. Gomez' position is that Empowered Marketing Wisconsin has made use of the EMPOWERED MARKETING trademark in a manner justifying Gomez' threats of

COMPLAINT FOR DECLARATORY RELIEF

impending litigation for trademark infringement and other legal violations.

37. Empowered Marketing Wisconsin's use of the EMPOWERED MARKETING trademark does not infringe on, dilute, or violate any rights which Gomez may have to use the EMPOWERED MARKETING trademark.

38. Empowered Marketing Wisconsin's use of the EMPOWERED MARKETING trademark will not infringe on, dilute, or violate any rights which Gomez may have to use the EMPOWERED MARKETING trademark.

39. Empowered Marketing Wisconsin's rights to the EMPOWERED MARKETING trademark are superior to the rights that Gomez now alleges.

40. An actual justiciable controversy within the meaning of 18 U.S.C. § 2201 exists between Empowered Marketing Wisconsin and Gomez concerning the use of the EMPOWERED MARKETING trademark and the respective trademark rights of the parties. A judicial determination is necessary and appropriate at this time in order to resolve the issues of the trademark rights of Empowered Marketing Wisconsin and the conflicting claims of Gomez, and in order that the parties may ascertain their respective rights and obligations if any.

41. Empowered Marketing Wisconsin does not engage in any activities that harm or threaten any lawful rights of Gomez, and Empowered Marketing Wisconsin is entitled to a declaration to that effect in this action.

COMPLAINT FOR DECLARATORY RELIEF

## PRAYER FOR RELIEF

Empowered Marketing Wisconsin prays for judgement as follows:

a) That this Court declare that Empowered Marketing Wisconsin's use of the EMPOWERED MARKETING trademark does not infringe on, dilute, or violate any rights which Gomez may have to use the EMPOWERED MARKETING trademark.

b) That this Court declare that Empowered Marketing Wisconsin's rights in the EMPOWERED MARKETING trademark are superior to the rights of Gomez.

c) That this Court declare that Empowered Marketing Wisconsin's use of the domain name EmpoweredMarketing.com does not infringe on, dilute, or violate any rights which Gomez may have to use the EMPOWERED MARKETING trademark.

d) That this Court order the cancellation of USPTO Registration Number 5,749,467.

e) That this Court declare that Empowered Marketing Wisconsin's activities have not caused any harm to Gomez or unjust enrichment to Empowered Marketing Wisconsin.

f) That this court declare that Empowered Marketing Wisconsin is not liable to Gomez.

g) That, by way of further relief, this Court grant a permanent injunction enjoining and restraining Gomez and his agents, servants, employees, and attorneys, and those in active concert or participation with them, from directly or indirectly

COMPLAINT FOR DECLARATORY RELIEF

charging infringement, dilution, or other legal violation, or instituting any action for infringement, dilution, or other violation of alleged rights of Gomez in the term 'empowered marketing' against Empowered Marketing Wisconsin or any of Empowered Marketing Wisconsin's agents, direct or indirect customers, or any person, by reason of the use or registration of the EMPOWERED MARKETING trademark by Empowered Marketing Wisconsin.

h) That this court award Empowered Marketing Wisconsin its reasonable costs, disbursements, and attorneys' fees incurred in defending its rights to the EMPOWERED MARKETING trademark and use of the EmpoweredMarketing.com domain name against the claims and allegations of Gomez.

i) That this Court grant such other and further relief as this Court may deem just and proper.

Dated July 22, 2019            Respectfully submitted,

                               Jeffrey Sturman
                               Sturman Law, LLC
                               8700 E. Jefferson Ave. #371706
                               Denver, CO 80237
                               (720) 772-1724
                               federal_court_docket@sturmanlaw.com
                               Attorney for Plaintiff Empowered Marketing LLC

COMPLAINT FOR DECLARATORY RELIEF

## DEMAND FOR JURY TRIAL

Empowered Marketing Wisconsin hereby demands trial by jury of all issues triable by a jury.

Dated July 22, 2019              Respectfully submitted,

                                                Jeffrey Sturman
Sturman Law, LLC
8700 E. Jefferson Ave. #371706
Denver, CO 80237
(720) 772-1724
federal_court_docket@sturmanlaw.com
Attorney for Plaintiff Empowered Marketing LLC

COMPLAINT FOR DECLARATORY RELIEF